On the trial at Chowan on the last circuit, before his Honor, Settle,J., the defendant admitted that he was indebted to the plaintiffs in the sum of $310.63 unless he was entitled to a set-off upon the following facts: The plaintiffs were indebted to one William Bullock and one Thomas Gregory by negotiable notes, before the commencement of this suit, in a larger sum than the amount of the plaintiffs' claim.
On 8 May, 1837, the plaintiffs called upon an attorney to issue (15) a writ against the defendant, returnable to the next ensuing August term of the county court. The attorney on that day filled up the writ and left directions for it to be given to the plaintiffs if they should call for it. The writ, however, was not delivered to the sheriff until 21 July following, when it was executed and returned to August Term of the County Court of Chowan. The notes due from the plaintiffs to Bullock and Gregory were endorsed to the defendant on 8 July, 1837, for valuable consideration. The plaintiffs, the attorney and the sheriff all resided in the town of Edenton.
Upon these facts, his Honor being of opinion that the defendant was not entitled to a set-off for the notes, gave judgment for the plaintiffs, from which the defendant appealed.
In our opinion the defendant is not entitled to the set-off under either plea. The first is, that the notes were endorsed to the defendantbefore and at the commencement of this suit. This is not true in point of fact. The assignment was on 8 July and the suit, we think, was commenced on 8 May preceding, on which day the writ is dated, and as stated in the case, truly dated and filled up. The suing out the writ from the proper officer, or purchasing it, as it is called sometimes, is so universally deemed the bringing suit that no exception is recollected by the Court. It is unquestionably so within the Statute of Limitations, which uses the very words "that all actions shall be commenced
or brought within the time and limitation expressed, and not (16) after." While the teste of the writ on the one hand is not the commencement of the suit for the benefit of the plaintiff, so, on the other, the service of it, or its delivery to the sheriff, or any such thing, is not requisite to the commencement of the suit for the benefit of the defendant; but only getting the writ — impetratio brevis, Johnsonv. Smith, 2 Bur., 950. There are many cases to that effect. The form of pleading also establishes it. The constant form is, "that the defendant did not assume within, etc., ante impetrationem brevis." Why? Because obtaining the writ, sealed and complete in form, is in fact and law the commencing suit. If this standard were departed from it would be altogether uncertain what would amount to bringing suit — a point that cannot be remaining to be settled at this day. The plaintiff has proceeded on that very writ and brought the defendant into court under it as the leading process in this action. Its date would determine the commencement of the suit in reference to the Statute of Limitations, if the defendant had pleaded it. For the like reasons it determines it for the purposes of the present plea.
The second plea presents a question which is not so free of doubt. The plea is not actio non; but that the plaintiff ought not further to prosecute his suit, because since the commencement of this suit the notes made by the plaintiff were endorsed to the defendant. None of us remember such a plea in practice; nor have we been referred to any such precedent, or an adjudication giving color for it. The counsel for the plaintiff relied entirely on a passage in a modern treatise, Babington on Set-off, 82; and insisted on the reasonableness and propriety of the plea. That author does seem to suppose that a defendant may avail himself of a set-off obtained after action brought by a plea in bar to the further prosecution of the suit. But he cites no authority for the position. He assumes that such a demand is a legal set-off; and if that be so, the author infers that it must be pleaded in this form, because it had been decided in the cases to which he refers that it could not be by way of actio non generally, that is to say, in reference to the commencement of *Page 14 
the suit, nor in the more limited form, "that the plaintiff before and at the time of the plea pleaded was indebted." That consequence is (17) logical, if the proposition assumed be true; but otherwise not. It does not follow that it can be pleaded in this way because it cannot be pleaded in either of the others; for it may not be a set-off within the statute, and therefore is not pleadable in any form. Our researches and reflections induce us to adopt the latter opinion. We think it is not merely a question as to the proper form of the plea, but that according to the principle of the statute this is not a set-off.
It was formerly held on demurrer in the case of Reynolds v. Beerling, stated in a note, 3 T. R., 188, that the plea of a judgment, recovered by the defendant against the plaintiff after suit, and before plea, was good. It does not appear certainly, nor can it be collected from observations on it in subsequent cases, what was the form of the plea. There is reason, however, to say that it was actio non; because in no other case is there an attempt to support the decision upon the ground that the plea was in bar of the further prosecution of the suit. The decision itself professes to be founded on the authority of Sullivan v. Montague, Dong., 108, which established as a general principle that actio non goes to the time of the plea. The inference is, that under a plea actio non it was held to be sufficient if the demand of the defendant existed at the plea pleaded. As an authority to that point, it is precisely opposed by two subsequent cases. In Evans v. Prosser, 3 T. Rep., 186, the defendant had a set-off, which in fact subsisted before action brought, and so appeared in the plea, but he pleaded it as one "before and at the time of plea pleaded." Upon demurrer it was adjudged against the defendant, though he was afterwards allowed to amend by stating the set-off according to the truth, as one "before and at the commencement of the suit." Before delivering the opinion, time was taken to look into the cases; and Mr. Justice Buller, speaking for the Court, said that Reynolds v. Beerling could not be supported in this point. In Hanky v. Smith, 3 T. Rep., 507, Lord Kenyon
said, if the bill had come to the defendant's hands ex post facto, as afteraction brought, there would have been no mutual credit, and consequently there could be no set-off.
The observation is obvious upon those cases that there is not the slightest intimation that the plea of set-off may be pleaded in bar (18) to the further prosecution of the suit; and if there had been an idea of that sort, it is difficult to suppose it would have been overlooked, especially as it might have sustained Reynolds v. Beerling and excused the Court in Evans v. Prosser from expressly overruling their own decision, made four years before. But if either of those cases turned on the form of pleading in Hankey v. Smith, which was on nonassumpsit and notice of set-off, the remark of Lord Kenyon is general, *Page 15 
that where the matter arises after action brought it is not a case of mutual credit, within the act. That observation seems to us to present the question in its true point of view.
The statute was made to prevent multiplicity of suits. That is the object of it. As the means by which that end is to be attained, it enacts that where there are mutual debts subsisting between the plaintiff and the defendant, "one debt may be set against the other." The intention was not merely to give the defendant the benefit of his debt in the action brought against him, without putting him to the delay and expense of a cross action. If it had been, then he ought to be permitted to plead a set-off acquired at any time after plea pleaded, by way of plea since the last continuance, as he would plead a payment made pending the suit. But this has never been done; and the plaintiffs' counsel admits that a set-off accruing after plea cannot be pleaded puis darrein continuance. We believe that is true; and it seems to furnish a strong argument against this plea; for it is in the nature of a plea since the last continuance. Why may not a plea of that sort be put in? Because no injustice is done to the defendant by denying him the plea, since he does not lose his debt thereby, but may recover it by action; and because the statute did not mean that the plaintiffs' action should be barred in any case in which it was at first properly brought. This shows, as was just said, that the scope of the act is not merely to dispense with an action on the part of the defendant. What, then, is it? The great purpose was to effect a liquidation of mutual debts, without resorting to suits, not only by each, but by either party. The statute looks at the balance as the debt; and therefore if one of two persons, having mutual dealings, will sue the other, instead of exchanging discharges, the party sued is allowed to set-off his debt against the other as (19) a bar to the action. In other words, the plaintiff is made to pay the costs as a penalty for his wanton and obstinate litigation. But this is applicable only where upon the state of facts both debts existed at the time of suit brought. For in no other is a plaintiff to blame for suing; and therefore in no other ought he to be barred or pay costs. With this the words of the act before quoted agree. "Mutual debts subsisting." Subsisting
— when? Manifestly subsisting at a point of time when the parties mutually gave credit — trusted to each other; and when, that is to say at the same point of time, the purpose of the act might be fulfilled by satisfaction to each party without any suit by either. This must necessarily be before and at the commencement of the suit. If it be objected that this will exclude negotiable instruments from the operation of the act, although held by the defendant at the commencement of the suit, unless the plaintiff had notice thereof, the answer is, not so. Such instruments are embraced in the act without doubt, whether the plaintiff *Page 16 
knows or not in whose hands they are. The form of the security imports an agreement by the plaintiff that the defendant might take it; and when he sued, he either knew, or might have known by inquiry, that his debtor was also his creditor. Every debtor is bound to seek his creditor. The plaintiff is therefore culpable if he sues when there is really no debt due to him; and is justly subjected to the costs. But it is entirely the other way when the plaintiff becomes the defendant's debtor after the brought his own suit. It is to be recollected that the only real subject of controversy is the costs of the action; for the defendant has other remedies for his debt. Why should the plaintiff be condemned in the costs, or even lose his own costs? He could not before suit give a credit to the defendant for a debt which he did not then owe; and he did no wrong in bringing the action; and he has done no act since to bar it. He has therefore in justice and law as much right to the costs as to the debt. Generally, where matter subsequent bars an action, it consists of some act or agreement on the part of the plaintiff himself, and is not constituted, as this is, by the mere act of the defendant. If the plaintiff (20) release the debt or receive payment after action brought, it may be pleaded in bar to the further prosecution of the suit, if before plea pleaded; or, if after, since the last continuance, technically. In those cases there is judgment against the plaintiff for the costs, because it was his folly to extinguish his demand without receiving his costs. But a set-off is not a payment; it is only made to amount to a satisfaction by operation of law. Now, the law works no wrong, and therefore will not deprive the plaintiff of the costs to which he was once entitled, and in abandonment of which he has since done no act. The case resembles that of a tender more than any other. If made before suit, it may be pleaded in bar, and the plea supported by bringing the money into court. The costs then are alone in contest; and if the full sum was tendered, the plaintiff pays them, because his suit was unnecessary. But tender and refusal after suit brought is, as a plea, no bar; because it admits the necessity of the suit, as well as the justice of the demand, and the plaintiff ought therefore to have costs. By the modern equitable practice the defendant in such a case pays principal, interest and costs up to the time into court, and the court lays the plaintiff under a rule to take the money, or proceed further in the suit at his peril. But that has been confined to cases of the payment of money, and has never been extended to a set-off in actions — at all events, not in the stage at which the question is raised on this record.
Upon the whole the Court is of opinion that only mutual debts subsisting at the time of action brought as debts to and from the plaintiff and defendant can be set off. Whether a debt from the plaintiff to the defendant subsisting at the time when the writ is sued out, but becoming *Page 17 
payable afterwards, and before plea pleaded, may be availed of as a set-off by a plea to the further prosecution of the suit, is a question not necessarily involved in this case, and therefore not decided by it.
PER CURIAM. Judgment affirmed.
Cited: Murray v. Windley, 29 N.C. 203; Mizell v. Moore, id., 257;Thompson v. Red, 47 N.C. 412; Winningham v. Redding, 51 N.C. 127;Brumble v. Brown, 71 N.C. 516.
(21)